Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Harrison, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Credit Acceptance Corporation, | |
| Defendant. | |

### NATURE OF ACTION

1. Plaintiff Tom Harrison ("Plaintiff") brings this action against Defendant Credit Acceptance Corporation ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. "[A]llegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion

of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

5. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

6. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

9. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

10. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Mojave, and City of Topock.

12. Defendant is a for-profit corporation authorized to do business in the State of Arizona.

## FACTUAL ALLEGATIONS

13. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number, ending in 8785, in connection with such subscription.

14. In or around March of 2019, Defendant began placing incessant calls to Plaintiff's wireless number.

15. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than May 8, 2019 when Plaintiff orally demanded the calls stop.

16. Nevertheless, Defendant continued placing telephone calls to Plaintiff's wireless number – more than 450 calls as of the time of this complaint.

17. During the above-referenced calls, Defendant delivered voicemail messages to Plaintiff using an artificial or pre-recorded voice.

18. Upon information and belief, Defendant made the aforementioned calls to Plaintiff's wireless number using an automated, computerized dialing system ("the Dialing System").

19. Upon information and belief, the Dialing System is a combination of hardware and software that has the capacity to store telephone numbers to be called and to dial such numbers in an automated fashion.

20. If Defendant were so inclined, the Dialing System could be used to store large lists of arbitrary telephone numbers and to dial such numbers.

21. Upon information and belief, the Dialing System has the capacity to place a large volume of calls in a short period of time without the need for a human being to make an individualized decision about whether to make each call.

22. Upon information and belief, Defendant uses the Dialing System to call lists of numbers through "dialing campaigns."

23. When the Dialing System calls numbers that are stored in its permanent or temporary memory, it relies on a computerized process to dial numbers either in a random

order or in a particular sequence, based on the parameters of the particular dialing campaign that Defendant's collection agents are working at any given time.

24. This computerized process generates telephone numbers to be called from the hardware upon which the Dialing System relies for its permanent or temporary memory (i.e., the hard drive, RAM, or cache) according to certain programmed instructions defined by a particular dialing campaign and then, after this queuing process, the Dialing System dials the number in the phone network.

25. Upon information and belief, the Dialing System attempts to predict the number of calls that will be answered within a certain period of time in the future and places a corresponding number of calls based on the number of Defendant's available agents within that future time frame.

26. Accordingly, the Dialing System is a predictive dialer, as that technology is described in the FCC's 2003 order on the TCPA.

27. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

28. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

29. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

30. Upon information and belief, Defendant had knowledge that it was using the Dialing System to place each of the calls identified above.

31. Upon information and belief, Defendant intended to use the Dialing System to place each of the calls identified above.

32. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number using the Dialing System, which may reveal the existence of additional violations beyond those pleaded above.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

33. Plaintiff repeats and re-alleges each factual allegation above.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice.

35. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system

36. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing, since Defendant was aware that Plaintiff did not consent to receiving the calls.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Finding that Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

37. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 25, 2020

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff